IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARSHALL GREEN,**

        **Plaintiff,**

    v.                      CASE NO. 10-3037-SAC

**MARTIN GEEDING,**
**Geeding Law Offices,**

        **Defendant.**

### O R D E R

This civil complaint was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Having examined the materials filed, the court finds as follows.

Plaintiff names as the only defendant Martin Geeding of Geeding Law Offices, and alleges that Geeding represents an individual in a debt collection action against plaintiff. Plaintiff cites 15 U.S.C. § 1691e as the statutory basis for this court's jurisdiction and asserts a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. This court has federal question jurisdiction over FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 USC § 1692k(d). Section 1692k(a) provides a private right of action to any person with respect to whom a debt collector has violated the statute.

As the factual basis for this complaint, Mr. Green alleges as follows. Plaintiff's daughter was in a car wreck with defendant's client, but plaintiff was not involved in the accident. Defendant is a lawyer trying to collect payment from plaintiff for his client through legal proceedings in Case No. 94-C-2680 in Sedgwick County

District Court. Defendant and his client "went after plaintiff for money" knowing plaintiff is the wrong person and is not liable. Plaintiff went to defendant's law office and informed defendant that he was seeking garnishment proceedings against the wrong person, and explained that his child was the person in the wreck not plaintiff. Defendant still "went after plaintiff" and "successfully has been garnishing" his inmate account.

Plaintiff asserts that defendant violated the FDCPA by falsely reporting an erroneous debt against plaintiff, by seeking "collection against the wrong person," by refusing to verify that plaintiff is the correct person who owes his client in Case No. 94-C-2680, and by going after plaintiff knowing he is not liable. Mr. Green "demands" recovery of all amounts taken from his account due to the Sedgwick County case, and requests additional monetary relief of $1000 and "further relief" due under the Fair Debt Collection Act.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Local rules require that a motion to proceed without prepayment of fees be upon court-provided forms. The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a),

2

and plaintiff will be given time to submit a proper motion with a certified statement of his inmate account for the appropriate six-month period attached. This action may not proceed until Mr. Green has submitted a motion that conforms to the requirements of Section 1915(a). If plaintiff fails to submit the required financial information within the time allotted, this action may be dismissed without further notice.

Plaintiff is reminded that pursuant to 28 U.S.C. § 1915(b)(1), he is obligated to pay the full district court filing fee which is currently $350.00 in this civil action. Being granted leave to proceed in forma pauperis will merely entitle him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

**SCREENING**

Because Mr. Green is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

It appears to the court that Mr. Green is attempting to challenge in federal court the validity of the debt that defendant

3

is trying to collect, rather than the debt collection practices of defendant. If the debt has not been invalidated, then his allegations state no claim under the FDCPA. Plaintiff attaches exhibits to his complaint indicating that the Business Manager, Kansas Department of Corrections, was served with an "Order of Garnishment" from the District Court of Sedgwick County, Kansas, in Case No. 94-C-2680, and was directed to withhold Mr. Green's funds for a judgment "not to exceed $22,305.00". Also attached is an "Order Releasing Garnishee" citing K.S.A. 60-727 as providing that no payment shall be made from any inmate trust account for any amount less than $5.00, and the amount to be garnished from Mr. Green's account was $2.50. It may be presumed from these exhibits and his allegations, that a judgment for this debt was entered against him in state court, since an Order of Garnishment was issued based upon this indebtness[1]. Plaintiff alleges his opinion only, and no facts, indicating he could have no liability arising from an automobile accident in which a vehicle owned by him was being driven by his daughter. Plaintiff does not allege that he pursued any remedies in state court, such as an appeal of the judgment in the appropriate state appellate courts, and successfully overturned this judgment by asserting that he was not liable for this debt.

The Rooker-Feldman doctrine "bars a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." See Kiowa Indian Tribe v. Hoover, 150 F.3d

---

[1] State law controls whether garnishment is lawful in a given situation. K.S.A. § 60-2310 is the Kansas statute governing garnishment of wages.

1163, 1169 (10th Cir. 1998)(internal quotations and alterations omitted). Thus, Rooker-Feldman bars cases in federal court that are "inextricably intertwined" with a prior state court judgment. Id.

Furthermore, plaintiff does not allege that he requested in writing, verification of the debt from Geeding within 30 days of receiving the initial notice of garnishment. Under the Act, he had this threshold burden.

Finally, since plaintiff shows that the garnishment of his inmate account was released, he does not allege facts showing a cognizable statutory injury under the FDCPA. Thus, "plaintiff may well lack standing to bring this action". See Robey v. Shapiro, et al., L.L.C., 434 F.3d 1208, 1211 (10th Cir. 2006).

Plaintiff shall be given time to allege additional facts showing why this action should not be dismissed for the reasons stated herein. If he does not allege sufficient facts in the time allotted, this action may be dismissed without further notice.

Plaintiff has filed a Motion for Service of Process. This court will automatically order service of process upon defendant, if this action survives screening. Thus, plaintiff's motion is unnecessary and shall be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to file a proper motion to proceed without prepayment of fees that is supported by the required financial information, and to state additional facts showing that this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service of Process (Doc. 3) is denied, without prejudice.

The clerk is directed to send plaintiff forms for a motion to proceed without prepayment of fees.

**IT IS SO ORDERED**.

Dated this 9th day of April, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge